UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REVOLUTION, INC.,
an Illinois corporation,

    Plaintiff,

v.

STARPOWER, INC.,
a Maryland corporation,

    Defendant.
_____/

Case No. 07-13618

Hon. John Corbett O'Meara

**OPINION AND ORDER DENYING PLAINTIFF'S
<u>MOTION TO ENFORCE SETTLEMENT AGREEMENT</u>**

    Before the court is Plaintiff's motion to enforce settlement agreement, filed June 24, 2009. This matter has been fully briefed. The court heard oral argument on August 6, 2009. For the reasons stated below, Plaintiff's motion is denied.

    Plaintiff Revolution, Inc., filed this trademark infringement case against Defendant Starpower, Inc., on August 28, 2007. Shortly after Defendant was served, the parties began working on a settlement. The parties stipulated to extend the time to answer until November 12, 2007. Defendant did not file an answer, however, as the parties were apparently still negotiating. In fact, nothing else was filed until Defendant filed an answer on June 4, 2009, after settlement negotiations broke down. Shortly thereafter, Plaintiff filed this motion to enforce the parties' alleged agreement.

    Plaintiff designs clothing for dancers, gymnasts, and skaters using the "Revolution" and "Revolution Dancewear" trademarks. Plaintiff alleges that Defendant has infringed this trademark by using the marks "Revolution" and "Revolution National Talent Competition" in

connection with talent competitions and dance-related apparel.

Plaintiff's President, Scott Harris, contacted Defendant's CEO, Gary Pate, on October 2, 2007, to discuss settling this case. Harris sent Pate an email on October 3: "Here is a draft of the proposed points. If you agree with this I will have my attorney draft the document for your signature." Pl.'s Ex. 1. Pate responded by email later that day:

> Hi Scott, I talked this whole thing over with my wife and it looks good to us . . . Obviously, after your attorney writes it up I am hoping it will be very close to what you have written. . . . After I receive the draft I will than [sic] rush it to my attorney for approval . . .

Pl.'s Ex. 3.

Plaintiff's counsel soon thereafter sent a draft agreement to Defendant. Defendant contends the first draft contained provisions that were not in Harris's original email, such as (1) that Defendant admit liability; (2) that Defendant acknowledge the validity of Plaintiff's marks; (3) the imposition of a permanent injunction on all third parties "in active concert with" Defendant; (4) requiring Defendant to form a separate LLC to run the Revolution National Talent Competition; and (5) individual liability for Defendant's CEO, Gary Pate. Further, Defendant contends that the parties had differing interpretations of proposed provisions outlined in Harris's October 3 email. See Def.'s Resp. at 6-7. For example, although Harris proposed "liquidated damages" in the event of a breach, he did not specify an amount. Plaintiff insists upon liquidated damages of $50,000, whereas Defendant has suggested $5,000.

The parties have continued to negotiate to impasse, after about twenty months. Defendant contends that the parties remaining material differences are: (1) Revolution wants Starpower to admit liability; (2) Revolution wants the word "Revolution" to be the same font

size as the other words in "Revolution National Talent Competition; (3) Starpower wants clarification that it can sell promotional items like sweatshirts, sweatpants, and shorts, not just t-shirts; (4) Revolution wants Starpower to form a separate company to run the Revolution Talent Competition; and (5) Revolution wants the liquidated damages amount to be $50,000.  These issues were not all contained (or not fully fleshed out) in Scott Harris's initial email proposing the settlement.

Plaintiff responds that it does not want the court to enforce the draft consent judgment as proposed – but rather to enforce the terms set forth in Scott Harris's initial email dated October 3, 2007, that Defendant allegedly accepted.  This approach is problematic if the settlement is to be workable for the parties going forward.  Obviously, the parties dispute the interpretation of some of the terms proposed in Harris's email.  Further, before the court can enforce an agreement, it must determine that an agreement "has been reached on all material terms." Therma-Scan, Inc. v. Thermoscan, Inc., 217 F.3d 414, 419 (6th Cir. 2000) (citation omitted). This does not appear to be the case here – particularly in light of the fact that the parties have been negotiating for almost two years.  Enforcement of the disputed terms would not be appropriate, as explained by the Sixth Circuit:

> The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation.... While summary enforcement of a settlement agreement may very well promote the above policy in cases where there exists no substantial dispute as to the entry into, or the terms of, the agreement, summary proceedings may result in inequities when ... such a dispute does exist.

Id. (citation omitted).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's June 24, 2009 motion to enforce

settlement agreement is DENIED.

          s/John Corbett O'Meara
          United States District Judge

Date: August 11, 2009

    I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 11, 2009, by electronic and/or ordinary mail.

          s/William Barkholz
          Case Manager